SPORTIQUE FASHIONS, INC. and
Sportique II Fashions, Inc.,
Plaintiffs-Appellants,

v.

William SULLIVAN, Lim P. Lee, Lee Sta-
lard, William H. Lawrence, Wilmer Ben-
nett, William D. Chronert, Thomas E.
Brennan, Manuel Maldonado, Dudley
Wakefield, Jr., and Does 1–100, Defend-
ants-Appellees.

No. 76–3264.

United States Court of Appeals,
Ninth Circuit.

March 21, 1979.

William T. McGivern, Jr., Asst. U. S.
Atty., San Francisco, Cal., for defendants-
appellees.

Roger J. Marzulla, Matthews & Marzulla,
San Jose, Cal., for plaintiffs-appellants.

Before TRASK and HUG, Circuit Judges,
and DICK YIN WONG,* District Judge.

TRASK, Circuit Judge.

The nature of this case was well-put by
the district judge in his Findings of Fact:
"Inscribed on the Main Post Office in
New York City is the famous quotation:

---

* Honorable Dick Yin Wong, United States Dis-
trict Judge, for the District of Hawaii, sitting by
designation. Judge Wong died on December
26, 1978. Judge Wong heard oral argument

and voted in accordance with the judgment
herein, but did not approve the Memorandum
of the court.

Not snow, nor rain, nor heat, nor gloom of night stays these couriers from the swift completion of their appointed rounds.

The issue before this court is whether a negligence action for damages lies against individual United States Postal Department officials when mail is *not* delivered swiftly, or at all." Findings of Fact at 1.

The district court entered judgment against plaintiffs, and they filed a timely notice of appeal. Jurisdiction in the district court was based on the removal statute, 28 U.S.C. § 1442(a)(1). Jurisdiction here is based on 28 U.S.C. § 1291.

Plaintiffs were, at the time of filing this suit, separate corporations which have since been merged into a single corporation, Sportique Fashions, Inc. Defendants are various employees of the United States Postal Service. All are supervisory officials; none of them actually handles mail.

Sportique operates two retail women's clothing stores located respectively in Los Altos and San Jose, California. Each store is run as a "promotional" business, securing the majority of its sales from announcements mailed to customers.

On June 25, 1975, Sportique delivered 25,-100 pieces of mail to the San Jose, California, postal facility. These mailers contained announcements of Sportique's forthcoming July clearance sale, to begin on July 1, 1975. All of these mailers were sorted according to zip code, bundled, placed in postal sacks, labeled and in all other respects complied with postal regulations. Each mailer was stamped with the legend, "Postmaster: Deliver before June 20." Attached to each sack was a yellow "Time Value Mail" tag. Postal regulations provide for the use of these tags only for second class mail, such as weekly maga-

zines. When appended to sacks of third class mail, as here, they serve merely as a request to expedite.

Of the 25,100 mailers, a large portion of them, perhaps as many as 8,000 to 10,000, were not delivered by July 1, 1975. Approximately 2,070 of the mailers were not delivered at all.

Sportique filed suit in a California Superior Court, claiming to have suffered losses as a result of the lost and late mail. The defendants moved for, and were granted, removal to the federal district court under 28 U.S.C. § 1442(a)(1), which permits removal of suits against "any officer of the United States . . . or person acting under him, for any act under color of such office . . . ." [1]

The case was tried before a judge sitting without a jury and, after a four-day trial, judgment was entered for the defendants. The trial judge filed extensive Findings of Fact and Conclusions of Law explaining the reasons for his judgment.

Plaintiffs appeal the decision only as to two of the defendants, appellees Lawrence and Bennett. Appellee Lawrence is the Sectional Center Manager, or Postmaster, of the San Jose Sectional Center, Sacramento District, the facility where the mailers were delivered. Appellee Bennett is the Director of Mail Processing in the San Jose Sectional Center.

We affirm.

■ We note at the outset that if appellants had sued the Postal Service itself that suit would be prohibited by 28 U.S.C. § 2680(b). That section bars a suit against the United States as a defendant for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters and postal matter." [2]

---

1. "§ 1442. Federal officers sued or prosecuted

"(a) A civil action or criminal prosecution commenced in a state court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Any officer of the United States or any agency thereof, or person acting under him,

for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue."

2. Appellants argue that this immunity no longer exists in light of the Postal Reorganization Act [Act Aug. 12, 1970, Pub.L. 91–375, § 2, 84 Stat. 719], which includes a provision that

Appellants attempt to circumvent this prohibition by suing individual defendants rather than the Postal Service. However, none of their proposed theories would allow a successful suit against these defendants.

Appellants have made no showing that defendants were negligent in any way. As the trial court found:

"Plaintiffs have now sought to narrow the focus to defendants Lawrence and Bennett, each affiliated with the San Jose facility where the undelivered mailers were found . . . . [H]owever, neither of these defendants had anything to do with the daily receipt, processing or delivery of mail, nor did their jobs include such functions. Plaintiffs argue that defendants Lawrence and Bennett were lax in their follow-up investigation of the incident, but that is irrelevant to plaintiff's damage claim, since by then the sale was finished and plaintiff's claimed damages had already accrued.

"Nor can plaintiffs succeed by holding the defendants for negligent supervision of their employees, for nothing in the record supports a conclusion that such was the case."

Findings of Fact at 9–10.

■ Moreover, as appellants themselves concede, defendants Bennett and Lawrence may not be held vicariously liable for the torts of their subordinates under the doctrine of *respondeat superior.* Since the allegedly negligent lower level employees are not the "employees" or "agents" of these

"[t]he Postal Service shall have [the power] (1) to sue and be sued in its official name." 39 U.S.C. § 401(1).

We are not persuaded by this argument. In enacting the Postal Reorganization Act Congress never repealed 28 U.S.C. § 2680(b). Thus, while the "sue and be sued" clause may now permit suits against the Postal Service that were prohibited against its predecessor, such as garnishment proceedings, see *Beneficial Finance v. Dallas*, 571 F.2d 125, 128 (2d Cir. 1978); *May Department Stores Co. v. Williamson*, 549 F.2d 1147, 1148 (8th Cir. 1977); *Standard Oil Division v. Starks*, 528 F.2d 201, 204 (7th Cir. 1975), § 2680(b) remains as one of the limitations to consent to suit which Congress specifically retained for the Postal Service.

defendants, but "both are fellow servants of the [United States], an immune governmental agency," *Boettger v. Morse*, 483 F.2d 86, 87 (9th Cir. 1973), defendants' liability can only be predicated on their actual behavior.

■ Finally, appellants' failure to show that defendants were negligent means that defendants clearly fall under the immunity rule for public officials. Defendants Lawrence and Bennett, as representatives and employees of an agency of the United States, the Postal Service, have at least a qualified immunity for their acts.[3] The qualified immunity rule protects such officials from damage actions if (1) at the time and in the light of all the circumstances there existed reasonable grounds for their belief that the action they took was appropriate, and (2) the officials acted in good faith. *Mark v. Grott*, 521 F.2d 1376, 1379 (9th Cir. 1975); *Shelton v. U.S. Customs Service*, 565 F.2d 1140, 1141 (9th Cir. 1977); *Omnibus Financial Corp. v. United States*, 506 F.2d 1097 (1977); *see Scheuer v. Rhodes*, 416 U.S. 232, 247, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The trial judge found that "[e]ach defendant herein was clearly acting within the scope of his duties at all times, and there has been no showing that any defendant acted other than reasonably and in good faith." We cannot say that the record does not support the trial judge's finding or that the finding was clearly erroneous. We are therefore bound to accept the trial court's finding.

As the trial judge concluded:

In any event, as appellants themselves admit, Brief for Appellants at 21, their suit is not against the Postal Service but against some of its individual employees. Thus, even if appellants' argument is taken as correct it would be no help to them since their suit does not name the Postal Service as defendant.

3. We need not decide whether defendants' immunity could be absolute, and not qualified, compare *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959) with *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) for, as we point out, even under the more limited qualified standard, defendants here would be protected.

"Plaintiffs' counsel has ably and creatively argued in support of recovery, but it is clear that this court cannot countenance by indirection what the law says may not be done directly. Any remedy for the kind of loss suffered in this case lies within the province of Congress, yet Congress has made it manifest that no such remedy shall be afforded."
Findings of Fact at 12.

We agree with this conclusion and affirm the judgment.

JUDGMENT AFFIRMED.