**INSURANCE COMPANY OF NORTH AMERICA**

v.

**UNITED STATES POSTAL SERVICE.**

Civ. A. No. 80–1434.

United States District Court, W. D. Louisiana, Alexandria Division.

June 16, 1981.

James A. Bolen, Jr., Gregory S. Erwin, Alexandria, La., for plaintiff.

J. Ransdell Keene, U. S. Atty., Mimi Methvin and John Halliburton, Asst. U. S. Attys., Shreveport, La., for defendant.

### RULING ON MOTION

NAUMAN S. SCOTT, Chief Judge.

Defendant, United States Postal Service (USPS), has filed a motion to dismiss plaintiff's cause of action sounding in tort, which is based upon allegations that during a mail shipment defendant caused the loss of $100,000 worth of currency owned by Wells Fargo Company, plaintiff's insured. The claim comes under the aegis of the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 *et seq.*

The jurisdictional foundation for this suit is 28 U.S.C. § 1339. However, it is the Postal Reorganization Act, 39 U.S.C. § 401, 409(a), which effectuates the grant of federal jurisdiction in suits involving the Postal Service. That statute also incorporates the provisions of the FTCA for such actions. 39 U.S.C. § 409(c). The juxtaposition of these laws has created a problem of statutory construction: Has the United States waived its sovereign immunity with respect to the USPS under the FTCA, as incorporated into the Postal Reorganization Act? In the alternative, we must decide whether it is the USPS or the United States which should be the named defendant herein. See 28 U.S.C. § 2679(a).

The latter issue is easily resolved. The Postal Reorganization Act permits the USPS "to sue and be sued in its official name." 39 U.S.C. § 401(1). That entity, then, is the proper party defendant to this

action, assuming sovereign immunity has been waived.

A particular exception to the waiver of sovereign immunity under the FTCA, 28 U.S.C. § 2680(b), renders the FTCA inapplicable to "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." It is contended that the more recently enacted language in 39 U.S.C. § 401(1) as well as the general purpose of the Act [1] preempts the 28 U.S.C. § 2680(b) bar.

■ As a general proposition of statutory interpretation, legislation encompassing the phrase "to sue and be sued" signals a complete waiver of sovereign immunity to civil process. *Keifer & Keifer v. Reconstruction Finance Corp.*, 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784 (1939); *Federal Housing Adm. v. Burr*, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940); *see also Reconstruction Finance Corp. v. J. G. Menihan Corp.*, 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595 (1941). There is a distinction however that erodes the force of these authorities in the instant case. By incorporating both the "sue and be sued" phrase with the FTCA, consent to this suit is not without qualification. In *Keifer & Keifer, supra*, the Court emphasized that no limitations on congressional consent to suit may be implied. *Keifer & Keifer v. Reconstruction Finance Corp., supra*, 306 U.S. at 396, 59 S.Ct. at 521. An express, preexisting limitation to suits against the postal authority—28 U.S.C. § 2680(b)—embedded in the FTCA, has been engrafted onto the Postal Reorganization Act. The mere adoption of § 401(1), then, in light of § 2680(b) does not resolve the issue.

We cannot assume that congressional silence regarding this exception to sovereign immunity under the FTCA indicates that § 2680(b) no longer applies, even though the FTCA as a whole has been made a part of the Postal Reorganization Act. Unless otherwise specified, it is much more sensible to conclude that express inclusion of the whole encompasses inclusion of its parts.

When the USPS was made a suable entity it became necessary to supply procedures for the maintenance of related litigation. Thus the reason the FTCA was incorporated by reference into the Postal Reorganization Act. 39 U.S.C. § 409(c). Unfortunately, this inartful, shorthand legislation created a seemingly anomalous result; the FTCA applies, yet the USPS cannot be held liable for cases sounding in tort.

■ We need not read out the older, substantive portions of the FTCA applicable to the Postal Service to make sense out of these apparently conflicting legislative pronouncements. The conflict is more apparent than real. Only tort claims against the USPS arising from the loss, miscarriage, or negligent transmission of letters or postal matter are barred by the statutory scheme of 39 U.S.C. § 409. Elaboration on the myriad variations of tort claims are not necessary to illustrate our point.

In *Sportique Fashions, Inc. v. Sullivan*, 597 F.2d 664 (9th Cir., 1979), it was held that supervisory postal service personnel against whom no showing of negligence was made, could not be held liable for damages caused by the late delivery of appellant's commercial announcement mailers. We note that no governmental entity was a named defendant in *Sportique Fashions*. That court's discussion of 28 U.S.C. § 2680(b) was not part of its holding. Nonetheless, the focus on the relationship between § 409(c) and § 2680(b) claims against the USPS was necessary to the conclusions drawn therein.

"We note at the outset that if appellants had sued the Postal Service itself that suit would be prohibited by 28 U.S.C. § 2680(b). That section bars a suit against the United States as a defendant for 'any claim arising out of a loss, miscarriage, or negligent transmission of letters and postal matter'.[2]

"fn. 2. *Appellants argue that this immunity no longer exists in light of the

1. The Postal Reorganization Act served to abolish the Postal Service as a cabinet level department and convert it to a more independent,

business-like entity. U.S.Code Cong. & Adm. News, 91 Cong. 2nd Sess., Vol. II, 3649, 3657 (1970).

Postal Reorganization Act ... which includes a provision that '(t)he Postal Service shall have (the power) (1) to sue and be sued in its official name.' 39 U.S.C. § 401(1). We are not persuaded by this argument. In enacting the Postal Reorganization Act, Congress never repealed 28 U.S.C. § 2680(b). Thus, while the 'sue and be sued' clause may now permit suits against the Postal Service that were prohibited against its predecessor ... *§ 2680(b) remains as one of the limitations to consent to suit which Congress specifically retained for the Postal Service." Sportique Fashions, Inc. v. Sullivan, supra,* at 665.

(Emphasis ours). Accord, *Birnbaum v. United States,* 588 F.2d 319, 328 (2nd Cir., 1978).[2]

The Court then notes that "appellants attempt to circumvent this prohibition by suing individual defendants rather than the Postal Service." *Sportique Fashions, Inc. v. Sullivan, supra,* at 666. Based upon the foregoing, we find that the § 2680(b) exception to the waiver of sovereign immunity remains in full force.

Accordingly, plaintiff's complaint, insofar as it asserts a cause of action sounding in tort against the USPS, be and it is hereby dismissed.

---

**2.** Plaintiff refers us to *Pearlstine v. United States & United States Postal Service,* 469 F.Supp. 1044 (E.D.Pa.1979) which does view 39 U.S.C. § 401(1) as a "waiver of sovereign immunity in all actions brought against the Postal Service." *Pearlstine v. United States & United States Postal Service, supra,* at 1046. The cause of action in *Pearlstine* arose from impending violations of a lease agreement. The relationship between the Postal Reorganization Act and the FTCA, particularly 39 U.S.C. § 409(c) and 28 U.S.C. § 2680(b) was not before the District Court. Nor was their broad statement necessary to the holding therein. We therefore are not persuaded by that authority, especially in light of the Ninth Circuit opinion in *Sportique Fashions.*