**INSURANCE COMPANY OF NORTH AMERICA, Plaintiff-Appellant,**

v.

**UNITED STATES POSTAL SERVICE, Defendant-Appellee.**

No. 81–3546
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 14, 1982.

Bolen & Erwin, Ltd., Leslie R. Leavoy, Jr., Alexandria, La., for plaintiff-appellant.

D. H. Perkins, Jr., John R. Halliburton, Asst. U. S. Attys., Shreveport, La., for defendant-appellee.

Before CLARK, Chief Judge, REAVLEY and RANDALL, Circuit Judges.

PER CURIAM:

Plaintiff Insurance Company of North America appeals the dismissal of its suit against defendant United States Postal Service. Because we agree with the district court that the claim in question is barred by sovereign immunity, we affirm.

The facts are not in serious dispute. On December 18, 1979, three bags of currency containing $100,000 each were delivered by Guaranty Bank and Trust Company of Alexandria, Louisiana via the Wells Fargo Company to the Bolton Street Post Office in Alexandria. The bags were destined for the Federal Reserve Bank in New Orleans; each bag was sent by registered mail. One bag of currency was not received at the Federal Reserve Bank and has never been located by the Postal Service. Plaintiff Insurance Company of North America, having insured Guaranty Bank and Trust Company for the property loss, reimbursed the bank and through a theory of subrogation brought the present action against the United States Postal Service. The suit was brought both on a tort theory based on negligence and a contract theory based on the agreement to send the bag by registered mail. The district court dismissed the tort claims on a theory of sovereign immunity, 524 F.Supp. 349 (W.D.La.1981), and granted summary judgment on the contract claim. Plaintiff has appealed only the dismissal of the tort claim, arguing that the Postal Service is no longer cloaked with sovereign immunity after the Postal Reorganization Act of 1970, Pub.L. 91–375, 84 Stat. 719 (now codified in 39 U.S.C.).

The original jurisdiction of the district courts to hear civil actions "arising under any Act of Congress relating to the postal service" is given by 28 U.S.C. § 1339. Under 39 U.S.C. § 409(a), part of the 1970 Act, the district courts are given original jurisdiction over all actions "brought by or against the Postal Service." Section 409(b) adopts for such suits the provisions relating to service of process, venue, and limitations which apply where the United States or its officers or employees are parties. Section 409(c) states that "[t]he provisions of chapter 171 and all other provisions of title 28 relating to tort claims shall apply to tort claims arising out of activities of the Postal Service." The provisions referred to are the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 et seq. The FTCA grants a waiver of sovereign immunity in specific sorts of cases: 28 U.S.C. § 1346(b) permits suit for money damages for claims involving "injury or loss of property, or personal

injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his employment ..." The words "employee of the government" are defined in § 2671 to include officers or employees of any "federal agency," which is in turn defined to include "the executive departments ... of the United States and corporations primarily acting as, instrumentalities or agencies of the United States." Prior to the 1970 Act, the Postal Service was a cabinet-level department; it is now "an independent establishment of the executive branch of the Government of the United States ..." 39 U.S.C. § 201.

■ What § 1346(b) appears to permit is, however, taken away again by § 2680(b) of the FTCA. This section states that § 1346(b) does not apply to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." Thus to sum up, suits against the Postal Service are permitted under 39 U.S.C. § 409(a); § 409(c) states that the FTCA applies to claims against the Postal Service sounding in tort; and § 2680(b) of the FTCA states that the bar of sovereign immunity is not waived with respect to claims involving negligent handling of the mails.

Plaintiff argues in reply that this conclusion is in conflict with 39 U.S.C. § 401(1), which states that the Postal Service has the power "to sue and be sued in its own name." Plaintiff points out that this language has been interpreted in several Supreme Court opinions to signify a waiver of sovereign immunity. E.g., Reconstruction Finance Corporation v. J. G. Menihan Corporation, 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595 (1941); Federal Housing Administration v. Burr, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940); Keifer & Keifer v. Recon-

struction Finance Corp., 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784 (1939). "However Congress may limit such a waiver by imposing conditions and restrictions it deems necessary." Payne v. Panama Canal Co., 607 F.2d 155, 163 (5th Cir. 1979). "There is no question of the power of Congress to define the limits of its waiver of sovereign immunity." Crown Coat Front Co. v. United States, 386 U.S. 503, 520, 87 S.Ct. 1177, 1186, 18 L.Ed.2d 256 (1967). See also cases cited in Payne, supra at 163. Nothing in Reconstruction Finance, Burr or Keifer implies that Congress may not expressly condition its waiver.

■ The language of § 401(1) of the 1970 Act must be read together with § 409(c) of the same statute. The use of the term "sue and be sued" in § 401(1) does constitute a waiver of the sovereign immunity of the Postal Service. See Associates Financial Services of America, Inc. v. Robinson, 582 F.2d 1 (5th Cir. 1978) (permitting state garnishment proceedings); Beale v. Blount, 461 F.2d 1133 n.6 (5th Cir. 1972) (dictum). However, the waiver is not complete; it is explicitly conditioned by § 409(c), in which Congress has stated that in actions sounding in tort, the remedies and restrictions of the FTCA shall apply. Contemporary Mission, Inc. v. United States Postal Service, 648 F.2d 97 (2d Cir. 1981); Sportique Fashions, Inc. v. Sullivan, 597 F.2d 664, 665–668 n.2 (9th Cir. 1979) (dictum); Myers & Myers, Inc. v. United States Postal Service, 527 F.2d 1252 (2d Cir. 1975). If any more evidence of Congressional intent were necessary, the House Report to the 1970 Act specifically states that "[t]he Federal Tort Claims Act applies to the Postal Service." H.R.Rep.No.91–1104, 91st Cong., 2d Sess., reprinted in [1970] U.S.Code Cong. & Ad. News 3649, 3675.[1]

1. We find inapposite plaintiff's reliance on Cox v. Roth, 348 U.S. 207, 75 S.Ct. 242, 99 L.Ed. 260 (1955), which dealt with the incorporation of the Federal Employers' Liability Act into the Jones Act. The Court in Cox recognized that incorporation of an act specifically designed for railway employees into maritime law posed significant problems of statutory construction, and that literal application of the FELA would,

in some cases, frustrate Congressional intent. Plaintiff argues by analogy that the incorporation of the FTCA into the Postal Reorganization Act of 1970 should not lead to the "absurd" result of barring suits for negligent handling of the mails because the present Postal Service, unlike its predecessor, is an independent business organization. Thus, argues plaintiff, § 2680(b) should not apply to the Postal Ser-

As stated before, § 2680(b) retains sovereign immunity with respect to claims of negligent handling of the mails. Hence plaintiff's suit must fail. *Sportique Fashions, Inc., supra; Singletary v. United States Postal Service,* No. 81 Civ. 1909 (S.D. N.Y. August 21, 1981). The judgment of the district court is affirmed.

AFFIRMED.

vice. The short answer to this is that § 2680(b) was a part of the FTCA originally designed for the Post Office, and Congress has stated that this provision shall apply to its successor organization, the Postal Service. The FELA was designed for railway employees, not maritime employees, and the problems of construction in *Cox* arose from significant differences in the types of industries involved. We find no such significant differences between the Post Office and the Postal Service. Nor did Congress, whose intent in this matter is perfectly clear. If the court in *Cox* was unimpressed with the mechanical application of the language of the incorporated statute in violation of Congressional intent, we are equally unimpressed with plaintiff's mechanical application of the language of *Cox* to the incorporated statute in violation of Congressional intent.