**Harry L. ANDERSON,**
**Plaintiff-Appellant,**

v.

**UNITED STATES POSTAL SERVICE,**
**Defendant-Appellee.**

No. 83–5715.

United States Court of Appeals, Ninth Circuit.

Submitted April 26, 1985.[1]

Decided May 21, 1985.

---

1. The panel finds this case appropriate for submission without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 3(f).

Harry L. Anderson, Detroit, Mich., pro se.

Trisha O'Hanlon, Asst. U.S. Atty., Los Angeles, Cal., for defendant-appellee.

Before CHOY, SNEED, and PREGERSON, Circuit Judges.

PER CURIAM:

Harry L. Anderson appeals from the district court's dismissal of his tort claim against the United States Postal Service for lack of subject matter jurisdiction. We affirm.

On April 29, 1981, Harry L. Anderson sent several of his original musical compositions from one Miami, Florida address to another by registered mail. Anderson declared the value of the package to be $75 and paid a $3.30 registration fee, which insured his package for $100. On the same day robbers held up a postal carrier and stole the mail, including Anderson's package. After making a written demand for indemnity, Anderson filed a complaint against the Postal Service for negligence seeking $800,000 in damages.[2]

The district court construed Anderson's complaint as a tort claim and as a claim for breach of the insurance contract. The court dismissed the tort claim for lack of subject matter jurisdiction, granted the Postal Service's motion for partial summary judgment on the issue of contract damages and entered judgment in favor of Anderson for $100.

Anderson appears to appeal only the dismissal of his tort claim and not the partial summary judgment for the Postal Service on the issue of contract damages.

The district court properly treated Anderson's tort claim against the Postal Service as a suit against the United States. *See Sportique Fashions, Inc. v. Sullivan*, 597 F.2d 664, 665 (9th Cir.1979) (dictum).

The Federal Tort Claims Act grants a waiver of sovereign immunity in certain cases. 28 U.S.C. § 1346(b).[3] However, by 28 U.S.C. § 2680(b) the United States retains sovereign immunity for tort claims against it for "loss, miscarriage, or negligent transmission" of the mails.[4] *Insurance Co. of North America v. United States Postal Service*, 675 F.2d 756, 758 (5th Cir.1982) (per curiam); *Sportique Fashions, Inc. v. Sullivan*, 597 F.2d at 665 (9th Cir.1979) (dictum). Therefore, Anderson's tort claim against the Postal Service for loss of his package during the robbery was barred by sovereign immunity and the district court properly dismissed it.

AFFIRMED.

---

2. Anderson originally filed in the Southern District of Florida and the action was later transferred to the Central District of California.

3. Section 1346(b) states in relevant part:
   [T]he district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, ... for injury or loss of property, ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant....

4. Section 2680 states in relevant part:
   The provisions of this chapter and section 1346(b) of this title shall not apply to—

   .   .   .   .   .

   (b) Any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.