806 F.2d 817
 42 Fair Empl.Prac.Cas. 792,
42 Empl. Prac. Dec. P 36,813, 55 USLW 2334
 Theodore J. LOEFFLER, Appellee/Cross-Appellant,
v.
Preston R. TISCH,* Postmaster General of the
United States, Appellant/Cross-Appellee.
Nos. 84-2553, 84-2574.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 15, 1986.
Decided Dec. 8, 1986.
 
 Stephen E. Alpern, Washington, D.C., for appellant/cross-appellee.
 Lisa S. Van Amburg, St. Louis, Mo., for appellee/cross-appellant.
 Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, HEANEY, ROSS, McMILLIAN, ARNOLD, JOHN R. GIBSON, FAGG, BOWMAN, WOLLMAN, and MAGILL, Circuit Judges, en banc.
 BOWMAN, Circuit Judge.
 This is a Title VII case brought against the Postmaster General of the United States in his capacity as head of the United States Postal Service. The plaintiff, Theodore J. Loeffler, complained that he had been fired because of his sex. He has prevailed on the merits. The question presented is whether prejudgment interest can be awarded as an element of the relief. We hold that it cannot be.
 This issue first came before us in Cross v. United States Postal Service, 733 F.2d 1327 (8th Cir.1984). There, a panel of this Court held, with Judge Arnold dissenting, that sovereign immunity bars an award of prejudgment interest in actions against the Postal Service under Title VII. Thereafter, rehearing en banc was granted, thus vacating the panel opinion. On rehearing, the judges of this Court were evenly divided. 733 F.2d 1332 (8th Cir.1984), cert. denied, 470 U.S. 1051, 105 S.Ct. 1750, 84 L.Ed.2d 815 (1985). As a result, the judgment of the District Court in Cross's case, holding prejudgment interest unavailable, was affirmed, but our decision had no precedential effect. The issue was left open for future determination in someone else's case, either by another panel or by the Court en banc. Decisions by an equally divided court decide only the particular case. They have res judicata, but not stare decisis, effect.
 The issue next came before a panel in the present case. The panel held, as the Cross panel had, that prejudgment interest could nor be awarded. Loeffler v. Carlin, 780 F.2d 1365 (8th Cir.1985). The Court again granted rehearing en banc. On rehearing, we find the reasoning of the Cross panel persuasive, and we adopt the substance of the opinion of that panel.
 Our conclusion is strongly reinforced by the recent decision of the Supreme Court in Library of Congress v. Shaw, --- U.S. ----, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986), holding that Congress, in enacting Title VII, did not waive the Government's immunity from interest. The reasoning of Shaw is quite instructive. The Court's opinion, written by Justice Blackmun, forcefully expresses the long-established rule that absent express congressional consent, interest cannot be awarded against the Government.
 
 
 1
 In the absence of express congressional consent to the award of interest separate from a general waiver of immunity to suit, the United States is immune from an interest award. This requirement of a separate waiver reflects the historical view that interest is an element of damages separate from damages on the substantive claim.
 
 
 2
 Id. at 2961. The Court emphasizes "the rule that interest cannot be recovered unless the award of interest was affirmatively and separately contemplated by Congress." Id. at 2962. Rejecting Shaw's argument that Congress waived the Government's immunity from interest in Title VII actions by making the United States liable "the same as a private person" for "costs," including "a reasonable attorney's fee," 42 U.S.C. Sec. 2000e-5(k), the Court noted that "we must construe waivers strictly in favor of the sovereign and not enlarge the waiver 'beyond what the language requires.' " Id. at 2963. The Court further noted that "[t]he no-interest rule provides an added gloss of strictness upon these usual rules." Id.
 
 
 3
 In addition, the Court specifically disagreed with Shaw's claim that Congress, by equating the liability of the United States with that of a private party, waived the Government's immunity from interest. The Court reasoned as follows:
 
 
 4
 It was not until 1972 that Congress waived the Government's immunity under Title VII as a defendant, affording federal employees a right of action against the Government for its discriminatory acts as an employer. See Sec. 717, 42 U.S.C. Sec. 2000e-16(d). That Sec. 706(k) already contained language equating the liability of the United States [as a plaintiff] for attorney's fees to that of a private person does not represent the requisite affirmative congressional choice to waive the no-interest rule....
 
 
 5
 Id. at 2964.
 
 
 6
 The reasoning of the Court in Shaw is fully applicable to the present case. In the Postal Reorganization Act of 1970, Congress provided that the Postal Service may "sue and be sued in its official name." 39 U.S.C. Sec. 401(1). That act, however, did not authorize Title VII actions against the Postal Service. Instead, such authorization did not come until 1972, when Congress amended Title VII and extended it for the first time to the Postal Service and other federal entities. See 42 U.S.C. Sec. 2000e-16. As Shaw establishes, this extension of Title VII to the federal sector did not waive the immunity of these federal entities with respect to interest.
 
 
 7
 Nor does the sue-and-be-sued clause of the Postal Reorganization Act provide congressional authorization for awarding interest in Title VII actions against the Postal Service. In the first place, for reasons discussed in the panel opinion in Cross, we are convinced that Congress did not intend to place postal employees in a better position than all other federal employees with respect to interest in Title VII cases. See Cross, 733 F.2d at 1330. Moreover, we believe the case is governed by a fundamental principle: that a sue-and-be-sued clause does not expand the obligations of a federal entity in a suit brought pursuant to another statute that is itself a waiver of immunity and which constitutes an exclusive remedy. Loeffler's action was not brought under the sue-and-be-sued clause of the Postal Reorganization Act. Instead it was brought under Title VII as amended in 1972. As required by Title VII, the defendant in Loeffler's action is the Postmaster General, not the Postal Service in its official name. There can be no doubt that the 1972 amendments to Title VII created "an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." Brown v. General Services Administration, 425 U.S. 820, 829, 96 S.Ct. 1961, 1966, 48 L.Ed.2d 402 (1976). Thus it is apparent that the sue-and-be-sued clause of the Postal Reorganization Act has no bearing upon the present case, and that the scope of Loeffler's remedy must be determined by reference to Title VII, just as in the case of any other federal agency.
 
 
 8
 It is noteworthy that in both Federal Housing Administration v. Burr, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940), and Franchise Tax Board v. United States Postal Service, 467 U.S. 512, 104 S.Ct. 2549, 81 L.Ed.2d 446 (1984), sue-and-be-sued clauses are discussed in terms of amenability to process. On the other hand, interest is an aspect of damages. Thus, interest is relevant to remedy rather than to amenability to process. See Shaw, 106 S.Ct. 2957. Yet in the present case, the sue-and-be-sued clause does not even make the Postal Service amenable to process. Instead, the Postal Service is amenable to process in a Title VII case only under the federal sector provisions of Title VII. It follows that the scope of Loeffler's remedy must be determined by reference to the federal sector provisions of Title VII, and not by reference to the sue-and-be-sued clause of the Postal Reorganization Act.
 
 
 9
 The foregoing discussion exposes the fundamental flaw in the reasoning of Nagy v. United States Postal Service, 773 F.2d 1190 (11th Cir.1985), holding the Postal Service liable for interest on a Title VII back pay award. In Nagy, the court starts with the premise that the Postal Reorganization Act presumptively waived the Postal Service's immunity for all purposes, including Title VII. That premise, however, is completely invalid, because in enacting the Postal Reorganization Act Congress specifically rejected the idea of making the Postal Service liable under Title VII as a private employer. See Cross, 733 F.2d at 1330. Until Congress some two years after passing the Postal Reorganization Act amended Title VII to extend it to the federal sector with additional provisions applicable only to that sector, there had been no congressional waiver, presumptive or otherwise, of the Postal Service's immunity to Title VII actions. Thus, with all respect, we cannot agree that the Nagy opinion reached a correct result.[1]
 
 
 10
 The situation in the present case is closely analogous to that in cases arising under the Federal Tort Claims Act (FTCA), 28 U.S.C. Secs. 1346(b), 2671-2680. As this Court held in Peak v. Small Business Administration, 660 F.2d 375, 377 (8th Cir.1981), the FTCA is the exclusive remedy in tort actions against the Government, and this is so despite the statutory authority of any federal agency "to sue and be sued in its own name." See 28 U.S.C. Sec. 2679(a). Accordingly, tort actions against the Postal Service may not proceed under the sue-and-be-sued clause as if the Postal Service were a private company, but must proceed under the FTCA with all of that Act's limitations on its waiver of sovereign immunity. See Insurance Co. of North America v. United States Postal Service, 675 F.2d 756 (5th Cir.1982) (per curiam); Contemporary Mission, Inc. v. United States Postal Service, 648 F.2d 97, 104-05 n. 9 (2d Cir.1981); Sportique Fashions, Inc. v. Sullivan, 597 F.2d 664, 665-66 n. 2 (9th Cir.1979). Congress made the Postal Service subject to the FTCA, and therefore in a tort action the Postal Service is treated like any other federal agency.
 
 
 11
 Similarly, Congress has made the Postal Service subject to the federal sector provisions of Title VII. Like the FTCA, Title VII as extended by Congress to the federal sector constitutes a limited waiver of sovereign immunity and a comprehensive, exclusive remedy for the kinds of injuries that are within its purview. It follows that in a Title VII action, the Postal Service must be treated like any other federal agency. And as the Supreme Court has made clear in Shaw, federal agencies sued under Title VII are not subject to interest awards, since Congress has not waived the Government's sovereign immunity to interest awards in such actions.
 
 
 12
 In footnote 5 of the Shaw opinion, the Court stated that the requirement of an express waiver of sovereign immunity as to interest is "inapplicable where the Government has cast off the cloak of sovereignty and assumed the status of a private commercial enterprise. See, e.g., Standard Oil Co. v. United States, 267 U.S. 76, 79 [45 S.Ct. 211, 212, 69 L.Ed. 519] (1925)." 106 S.Ct. at 2963 n. 5. In a supplemental filing, Loeffler relies on this footnote and argues that the effect of the sue-and-be-sued clause of the Postal Reorganization Act is to remove the cloak of immunity from the Postal Service by conferring upon it the status of a private enterprise. This reliance on footnote 5 of the Shaw opinion is misplaced, however, for the simple reason that Congress never has conferred upon the Postal Service the status of a private enterprise for purposes of Title VII actions. To the contrary, Congress explicitly treated the Postal Service as a federal agency when it amended Title VII in 1972 to make the Postal Service and other federal agencies amenable to suit under Title VII. This stands in sharp contrast to the sue-and-be-sued clause, which never has authorized Title VII actions against the Postal Service. Instead, as previously noted, Title VII actions against the Postal Service and other federal agencies can be brought only in accordance with the explicit and detailed federal sector provisions of Title VII. Congress provided for attorneys' fees and costs in such actions, but did not provide for interest, and we may presume that it made this choice with full awareness of the traditional rule that interest does not lie on awards against the Government absent an express provision to the contrary. In any event, because of the manner in which Congress extended Title VII to the Postal Service it is abundantly clear that for purposes of Title VII Congress has chosen to treat the Postal Service as a federal agency, not as a private enterprise.
 
 
 13
 Moreover, Loeffler's private enterprise argument fails because it is clear the Postal Service's legal relationship with its employees is predominantly that of a federal agency, not that of an ordinary business. For example, Postal Service employees are appointed under the postal career service, which is part of the federal civil service. 39 U.S.C. Sec. 1001(b). Further, under 39 U.S.C. Sec. 1005, Postal Service employees specifically are subject to a number of other protective provisions applicable to all federal employees. As the panel opinion in Cross points out, the Postal Reorganization Act and its legislative history conclusively establish that under that Act postal employees are to be treated in exactly the same way as other federal employees for equal employment opportunity purposes. 733 F.2d at 1330. It is, therefore, apparent that Congress has not relegated the Postal Service to private enterprise status insofar as many of the rights and remedies of its employees vis-a-vis the Service are concerned. It is also apparent that Congress did not intend to place postal employees in a better position than all other federal employees with respect to interest in Title VII cases.
 
 
 14
 Finally, we do not believe that Franchise Tax Board supports Loeffler's position. In holding that the sue-and-be-sued clause of the Postal Reorganization Act rendered the Postal Service amenable to administrative process requiring it to withhold delinquent state income taxes from the wages of postal employees, the Supreme Court observed "that waiver of sovereign immunity is accomplished not by 'a ritualistic formula'; rather intent to waive immunity and the scope of such a waiver can only be ascertained by reference to underlying congressional policy." 467 U.S. at 521, 104 S.Ct. at 2554 (citation omitted). When we examine congressional policy applicable to the present case, it becomes apparent that (1) the Postal Reorganization Act did not waive the immunity of the Postal Service from liability under Title VII; (2) the subsequent amendments of Title VII that extended it to the Postal Service and other federal sector defendants do not provide for interest on Title VII judgments against these defendants. In short, reference to congressional policy leads inexorably to the conclusion that Congress has not waived the immunity of the Postal Service from interest on Title VII awards.
 
 
 15
 The judgment of the District Court denying prejudgment interest on Loeffler's Title VII award is affirmed.
 
 
 16
 It is so ordered.
 
 
 17
 ARNOLD, Circuit Judge, with whom LAY, Chief Judge, HEANEY, McMILLIAN, and JOHN R. GIBSON, Circuit Judges join, dissenting.
 
 
 18
 Today the Court holds that prejudgment interest can never be awarded to prevailing plaintiffs in Title VII actions against the United States Postal Service. It thus creates a square conflict with Nagy v. United States Postal Service, 773 F.2d 1190 (11th Cir.1985), the only other appellate opinion directly in point.
 
 
 19
 For the reasons given in my dissenting opinion in Cross, supra, 733 F.2d at 1330, I respectfully dissent. I add a few words to address briefly certain post-Cross developments that fortify the conclusion I reached there.
 
 
 20
 The Eleventh Circuit has now held that the barrier of sovereign immunity was "deliberately lifted by Congress when it created the Postal Service," and that prejudgment interest on back-pay awards is therefore available. Nagy v. United States Postal Service, supra. Cf. Hall v. Bolger, 768 F.2d 1148 (9th Cir.1985) (post-judgment interest on award of attorneys' fees against Postal Service under 29 U.S.C. Sec. 791, forbidding discrimination by reason of handicap, not barred by sovereign immunity). But cf. Frazier v. United States Postal Service, 790 F.2d 873 (Fed.Cir.1986) (per curiam) (Merit Systems Protection Board has no authority to award interest on back-pay award). Moreover, a recent decision of the Supreme Court explicitly states "we must presume that the [Postal] Service's liability is the same as that of any other business." Franchise Tax Board of Cal. v. United States Postal Service, 467 U.S. 512, 104 S.Ct. 2549, 2553, 81 L.Ed.2d 446 (1984) (sovereign immunity no bar to state agency's order commanding Postal Service to withhold delinquent taxes from employees' wages).
 
 
 21
 Library of Congress v. Shaw, --- U.S. ----, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986), a case decided after the oral argument in this case, is emphasized in Judge Bowman's well-argued opinion for the Court en banc. Shaw holds that sovereign immunity bars an award of prejudgment interest in Title VII cases against agencies of the federal government. If the Postal Service were an agency of the federal government in the same sense as the Library of Congress, Shaw would be in point, and I would be constrained to adopt the view taken by the Court. But the Postal Service is not a federal agency in this simple, unqualified sense. Since 1970 it has had a special status. "Congress ... indicated [in the Postal Reorganization Act of 1970] that it wished the Postal Service to be run more like a business than had its predecessor, the Post Office Department." Franchise Tax Board of Cal. v. United States Postal Service, supra, 104 S.Ct. at 2553-54 (footnote omitted).
 
 
 22
 As the Court recognizes, ante p. 7, the Shaw opinion contains a qualification. It states that "[t]he no-interest rule is ... inapplicable where the Government has cast off the cloak of sovereignty and assumed the status of a private commercial enterprise." 106 S.Ct. at 2963 n. 5. Has the Postal Service assumed the status of the sort of "private commercial enterprise" the Supreme Court had in mind? Obviously there are respects, and important ones, in which the Postal Service is unlike a private employer. But I do not believe that sovereign immunity with regard to an ordinary incident of relief in a civil action is one of those differences. The Supreme Court in Franchise Tax Board, a unanimous opinion decided just two years before Shaw, and not referred to at all by the Shaw court, specifically stated that sue-and-be-sued clauses are to be liberally construed and that "we must presume that the [Postal] Service's liability is the same as that of any other business." 104 S.Ct. at 2554. It seems, then, that the Court considers the Postal Service to be like a private commercial enterprise for purposes of sovereign immunity.
 
 
 23
 Our Court's position comes down to this: when the Postal Reorganization Act was passed in 1970, creating the Postal Service and subjecting it to a sue-and-be-sued clause, sovereign immunity was waived, but not so far as Title VII was concerned, because at that time Title VII did not apply to any federal instrumentality, including the Postal Service. Later, when Title VII did come into the federal-government-employment picture, nothing was said in so many words about interest. Therefore immunity remains in effect to bar interest awards. I cannot claim that the Supreme Court's Franchise Tax Board opinion conclusively rejects that position. But I do think that the opinion is more naturally read to support my view. In addition to the arguments already advanced, I call attention especially to another statement in Franchise Tax Board. After stating that "[t]he nearly universal conclusion of the lower federal courts has been that the Postal Reorganization Act constitutes a waiver of sovereign immunity," 104 S.Ct. at 2553 n. 12, the Court cites a number of opinions with approval. One of them, see id. at 2554 n. 12, is Milner v. Bolger, 546 F.Supp. 375 (E.D.Cal.1982). Milner squarely holds that the general no-interest rule applicable to federal agencies sued under Title VII does not apply to the Postal Service. The inclusion of Milner in a string citation in a footnote is of course not the equivalent of an unequivocal Supreme Court pronouncement. But it does lend additional support to my position.
 
 
 24
 For these reasons, I would hold that an award of prejudgment interest against the Postal Service under Title VII is not barred by sovereign immunity.
 
 
 
 *
 Preston R. Tisch, successor in office to Paul N. Carlin, the original named appellant/cross-appellee, has been substituted as a party under Fed.R.App.P. 43(c)(1)
 
 
 [1]
 The other post-Cross court of appeals decision awarding interest against the Postal Service in an employment discrimination case, Hall v. Bolger, 768 F.2d 1148 (9th Cir.1985), is not a Title VII case and therefore is not in point