**ALLIED COIN INVESTMENT, INC.**

v.

**U.S. POSTAL SERVICE.**

Civ. No. 4–86–644.

United States District Court,
D. Minnesota,
Fourth Division.

Nov. 5, 1987.

Joseph F. Lulic, Hanson, Noel and Lulic, Minneapolis, Minn., for plaintiff.

James E. Lackner, Asst. U.S. Atty., Minneapolis, Minn., for defendant.

## ORDER

ROSENBAUM, District Judge.

A package containing coins, valued in excess of $17,000, was lost in the "Express Mail," a service of the United States Postal Service (USPS). The package belonged to the plaintiff who now sues seeking the recovery of the value of its coins. The USPS denies liability based upon its claim of sovereign immunity. For the purposes of this motion, these facts are not in dispute. The parties bring cross motions for summary judgment.

Defendant USPS has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (Fed.R. Civ.P.), contending the action is barred by the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346 and 2671, *et seq.* For its side, plaintiff Allied Coin Investments, Inc. (Allied Coin), moves for summary judgment asserting that "Express Mail" is a commercial entity in the marketplace, a non-governmental function, and, therefore, the USPS cannot shield itself behind the FTCA.

After hearing oral argument, and based on the files, records, and proceedings herein, defendant's motion for summary judgment is granted and plaintiff's motion for summary judgment is denied.

### FACTS/PROCEDURAL HISTORY

Plaintiff Allied Coin is a Minnesota corporation with its principal place of business in Richfield, Minnesota. Allied Coin is in the business of buying and selling rare coins. Defendant USPS is an independent establishment of the executive branch of the government of the United States. 39 U.S.C. § 201.

On or about August 14, 1985, Paul Del Grosso, acting as agent for plaintiff, purchased rare coins in the State of Michigan. Pursuant to plaintiff's instructions, Del Grosso delivered a package, which plaintiff asserts contained rare coins worth $17,-698.25, to a post office in Madison Heights, Michigan, for delivery to plaintiff, at Richfield, Minnesota, via USPS "Express Mail."

The package was never delivered. It was apparently lost in the mail. Plaintiff was reimbursed $500 for its loss, the maximum amount allowable for lost "Express Mail," pursuant to the Domestic Mail Manual (DMM), Section 294. Plaintiff then filed an administrative claim pursuant to 28 U.S.C. § 2675. The claim was denied, and after denial the plaintiff timely filed this lawsuit on August 13, 1986. Plaintiff brought this action pursuant to 39 U.S.C. § 409, alleging a claim for money damages

against the USPS in the amount of $17,-198.25, which the plaintiff contends is the balance due and owing after defendant's $500 payment. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1339, and 39 U.S.C. § 409(a).

### LEGAL ISSUE

The question presented is whether the USPS is immune from liability under the doctrine of sovereign immunity for the loss of a package sent through its "Express Mail" service. As seen below, the question devolves into the ultimate issue—is "Express Mail" postal matter?

### DISCUSSION

Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). *Kegel v. Runnels*, 793 F.2d 924, 926–28 (8th Cir.1986); *Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir.1986). The facts in this case are not in dispute. The liability of the United States is purely a question of law; therefore, resolution by summary judgment is appropriate.

■ The Court notes at the outset that plaintiff's claim against the USPS is a suit against the government of the United States. *See Anderson v. United States Postal Service*, 761 F.2d 527, 528 (9th Cir. 1985); *see also Sportique Fashions, Inc. v. Sullivan*, 597 F.2d 664, 665 (9th Cir.1979). The United States, as sovereign, is "immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981). Thus, if

Congress waives the government's sovereign immunity from suit, a plaintiff's rights are limited to the terms of the government's consent to be sued. *See United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Limitations and conditions which the government places on its consent to be sued must be strictly observed and exceptions are not to be implied. *Soriano v. United States*, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957).

By enacting the FTCA, Congress provided a waiver of sovereign immunity in certain cases. 28 U.S.C. § 1346(b).[1] However, § 2680(b) of the FTCA specifically retains sovereign immunity for tort claims against the United States for "loss, miscarriage, or negligent transmission" of the mails or postal matter.[2] *Anderson v. United States Postal Service*, 761 F.2d 527, 528 (9th Cir.1985); *Insurance Co. of North America v. United States Postal Service*, 675 F.2d 756, 758 (5th Cir.1982); *see also Sportique Fashions, Inc.*, 597 F.2d at 665.

Notwithstanding this postal restriction of the waiver of sovereign immunity, plaintiff argues that this immunity no longer exists in light of the Postal Reorganization Act of 1970, 39 U.S.C. §§ 101, *et seq.*[3] The Postal Reorganization Act includes a provision that "[t]he Postal Service shall have [the power] (1) to sue and be sued in its official name...." 39 U.S.C. § 401(1). Plaintiff contends the Supreme Court's decision in *Franchise Tax Bd. of Cal. v. United States Postal Service*, 467 U.S. 512, 104 S.Ct. 2549, 81 L.Ed.2d 446 (1984), and the Seventh Circuit's decision in *Azar v. United States Postal Service*, 777 F.2d 1265

---

1. Section 1346(b) states in relevant part:
   [T]he district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, ... for injury or loss of property, ... caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant....

2. Section 2680 states in relevant part:

   The provisions of this chapter and section 1346(b) of this title shall not apply to
   . . . .
   (b) Any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.
   28 U.S.C. § 2680(b).

3. Under 39 U.S.C. § 409(a), part of the 1970 Act, district courts are given original jurisdiction over all actions "brought by or against the Postal Service."

(7th Cir.1985), establish the proposition that not all services provided by the USPS are protected by § 2680(b) of the FTCA and that the "sue and be sued" clause should be construed so as to find an exception to § 2680(b).

Upon a consideration of *Franchise Tax Bd.* and *Azar*, the Court finds plaintiff's reliance on these cases is misplaced. Neither *Franchise Tax Bd.* nor *Azar* involved a claim of legal liability on the part of the USPS. The issue in each case was the status of the USPS entity itself, but in altogether different contexts.

The *Franchise Tax Bd.* case involved the question of whether the USPS was required to honor a garnishment order against a USPS employee resulting from an unpaid state administrative tax. In that case, four postal employees were delinquent in payment of state income taxes. The Franchise Tax Board of California served a garnishment on the USPS ordering the withholding of delinquent amounts from the employees' checks. The USPS refused to comply, and the Franchise Tax Board filed suit. In that lawsuit, no sum of money was claimed against the United States. The Supreme Court held the USPS was required to honor the garnishment. Thus, the "sue and be sued" clause now permits actions against the USPS which were prohibited against its predecessor, such as a suit requiring the Postal Service to honor a garnishment order resulting from a state administrative tax levy. But this is not a limitation of the FTCA.

Similarly, the *Azar* court did not analyze § 2680(b). In that case, a USPS employee incorrectly informed a postal customer that the customer's package was automatically insured to $50,000 rather than only $500. The Seventh Circuit court held the USPS to be equitably estopped to assert its $500 limit based on its own agent's assertion. However, the *Azar* court itself stated that its application of the doctrine of equitable estoppel would have a "narrow reach." The rule was specifically limited to the

circumstances present in that case. *Azar*, 777 F.2d at 1271. For that case and that specific purpose, the court found it relevant that USPS "Express Mail" was in competition with private companies. The circuit court noted that the doctrine of equitable estoppel is a judicial doctrine and is subject to judicial interpretation. *Azar* in no regard acts as a restriction on § 2680(b).

The present case, ultimately, asserts that the United States owes and must pay money. This is the core of the issue of sovereign immunity. As to this, the FTCA defines the limits of the United States' willingness to assume this legal obligation.

Plaintiff, here, argues that Congress has launched the USPS into the commercial world, and, therefore, this Court must construe the "sue and be sued" clause in a fashion whereby the USPS may be held liable for lost packages in the same manner a private commercial business enterprise would be. The Court is not persuaded by this argument. While Congress did provide a general waiver of immunity for the USPS in the Postal Reorganization Act of 1970, 39 U.S.C. § 401(1), it specifically retained sovereign immunity as to lost postal matter. 39 U.S.C. § 409(c).[4] Congress never repealed 28 U.S.C. § 2680(b). Congress may have launched the USPS into the commercial world, *Franchise Tax*, 467 U.S. at 520, 104 S.Ct. at 2554, but it did not send it off to fly alone. Congress maintained the Postal Service under the protective wing of § 2680(b) of the FTCA.

In sum, suits against the USPS are permitted under 39 U.S.C. § 409(a). Section 409(c), however, states that the FTCA applies to claims against the USPS sounding in tort; and § 2680(b) of the FTCA states that the bar of sovereign immunity is not waived with respect to claims involving the "loss, miscarriage or negligent transmission of the mails." *See Insurance Co. of North America*, 675 F.2d at 758.

---

4. The waiver found in § 401(1) is conditioned by § 409(c). *Contemporary Mission, Inc. v. United States Postal Service*, 648 F.2d 97 (2nd Cir.1981). Section 409(c) provides:

> The provisions of chapter 171 and all other provisions of Title 28 relating to tort claims shall apply to tort claims arising out of activities of the Postal Service.

**986**

The FTCA is the exclusive remedy in tort actions against a federal agency, and this is so despite the statutory authority of any federal agency "to sue and be sued in its own name."[5] *Peak v. Small Business Administration*, 660 F.2d 375, 377 (8th Cir.1981). Accordingly, tort actions against the USPS may not proceed under the sue-and-be-sued clause, as if the USPS were a private company, but must proceed under the FTCA with all of that Act's limitations on its waiver of sovereign immunity. *Loeffler v. Tisch*, 806 F.2d 817, 820 (8th Cir.1986); *see Insurance Co. of North America v. United States Postal Service*, 675 F.2d 756 (5th Cir.1982).

Plaintiff asserts "Express Mail" is a commercial venture and those items it carries are not "postal matter." The Court holds to the contrary.

Title 39, United States Code, § 3623, authorizes the USPS, in conjunction with the Postal Rate Commission, to establish a mail classification schedule.[6] These mail classifications are defined and regulated under the Domestic Mail Manual (DMM). The DMM is, in turn, incorporated into the Code of Federal Regulations. 39 C.F.R. § 111.1; 39 C.F.R. § 211.2(a)(2).[7] Those items which constitute postal matter are, therefore, governed by the DMM. DMM, § 221.1, provides:

.11 Availability of Service
Express Mail is a service available to mailers for shipment of any mailable matter which is tendered to the Postal Service properly packaged and in accordance with the terms of this chapter.

"Express Mail" is a mail classification under DMM, Section 221.1. Therefore, any mailable matter sent via USPS "Express Mail" is mail or postal matter. *See Irvine v. United States Postal Service*, C-86-4878 EFL (N.D.Cal. March 9, 1987). Plaintiff's claims against the USPS, to the extent that they are based on tort theories, fall under and are barred by 28 U.S.C. § 2680(b).

Plaintiff asserts that defendant's negligent handling lost plaintiff's package. He never received the package or its contents. The claim, then, devolves into an assertion of "loss, miscarriage or negligent transmission" of an "Express Mail" package—postal matter. Therefore, the claim must fail under § 2680(b).

Plaintiff's further claims are handled summarily:

a) Plaintiff contends that the USPS holds itself out to the public as carrying goods from place to place for compensation. Plaintiff reasons that the USPS has, thus, assumed the duties and obligations of a common carrier and, therefore, is absolutely liable for the loss of plaintiff's package.

b) Plaintiff next asserts that the USPS accepted plaintiff's package as a bailee and breached its duty as a bailee for hire by failing to deliver said package to the agreed upon destination.

c) Plaintiff further alleges a cause of action based on breach of an express contract. Plaintiff claims that the USPS, by losing plaintiff's package, failed to carry out its obligation under a written agreement between the parties for "Express Mail" service.

While the characterization of the USPS as a common carrier, or a commercial bailee, or a party to an express contract is artful—the ultimate claim of liability remains misdelivery. And strict liability is still strict liability in tort. The circle is

---

**5.** 28 U.S.C. § 2679(a) provides in relevant part:
The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under § 1346(b) ... and the remedies provided by this title in such cases shall be exclusive.

**6.** Section 3623 provides in part:
(a) [T]he Postal Service shall request the Postal Rate Commission to make a recommended decision on establishing a mail classification schedule ....

**7.** Section 111.1 provides in part:
[T]he U.S. Postal Service hereby incorporates by reference in this part, the Domestic Mail Manual, a looseleaf publication published and maintained by the U.S. Postal Service....
Section 211.2 provides:
(a) The regulations of the Postal Service consist of ...
(2) The Domestic Mail Manual....

complete. We are back into the ambit of 28 U.S.C. § 2680(b).

The central fact, as determined above, is that plaintiff's lost package is postal matter. Title 28, United States Code, § 2680(b), is designed expressly to bar actions for losses occasioned by the handling of goods within the postal system. *Marine Insurance Co. v. United States*, 378 F.2d 812, 814 (2d Cir.), *cert. denied*, 389 U.S. 953, 88 S.Ct. 335, 19 L.Ed.2d 361 (1967).

"The United States is liable to the owners of lost ... mail only to the extent to which it has consented to be liable, and the extent of its liability is defined by the postal laws and regulations." *Marine Insurance Co. v. United States*, 187 Ct.Cl. 621, 410 F.2d 764, 766 (1969); *see Frank Mastoloni and Sons v. United States Postal Service*, 546 F.Supp. 415, 419 (S.D.N.Y. 1982).

The DMM, § 294.3 (merchandise insurance), defines the limit of the postal service's liability:

.31 Parcels will be insured against loss, damage or rifling: coverage is limited to $500.00.

The Court finds that, pursuant to § 294 of the DMM, plaintiff's package of rare coins is "merchandise" as opposed to "nonnegotiable" documents. Therefore, under the applicable postal service regulation, plaintiff's potential recovery is limited to $500. It is acknowledged by counsel for both parties that the USPS has already tendered a check to plaintiff in the amount of $500 for his contract claim.

Based on the foregoing, and upon review of the files, records, and proceedings herein, IT IS ORDERED that:

1. Defendant's motion for summary judgment is granted.

2. Plaintiff's motion for summary judgment is denied.

3. The cause may be, and hereby is, dismissed.

LET JUDGMENT BE ENTERED ACCORDINGLY.