953 F.2d 1389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack VAHRADIAN, Betsy Vahradian and Mark Vahradian,
Plaintiffs-Appellants,
v.
UNITED STATES of America; U.S. Postal Service, Defendants-Appellees.
 No. 91-55042.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 3, 1991.
Decided Feb. 5, 1992.
 
 1
 Before SCHROEDER and KOZINSKI, Circuit Judges; and HOGAN,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 The Vahridians appeal the district court's order dismissing this negligence action brought against the United States and the United States Postal Service pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671, et. seq. The district court found that the action was barred by sovereign immunity. We concur and affirm.
 
 
 4
 The Vahridians claim that a United States Postal Service employee negligently permitted an express mail package containing burial remains to be stolen. They seek damages for pain and suffering and emotional distress. 28 U.S.C. § 1346(b) grants a waiver of sovereign immunity for civil claims for damages based on a government employee's "negligent or wrongful act or omission" while acting within the scope of employment "under circumstances where the United States, if a private person, would be liable to the claimant...." See, Anderson v. United States Postal Service, 761 F.2d 527, 528 (9th Cir.1985). However, section 1346(b) does not apply to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). The government specifically retains sovereign immunity from such claims. Anderson v. United States Postal Service, supra. A tort claim for damages against the United States Postal Service based on loss of registered mail is barred by sovereign immunity pursuant to 28 U.S.C. § 2680(b). Anderson v. United States Postal Service, supra. We find no significant distinction between registered and express mail. Therefore, the Vahridians' action was barred by sovereign immunity and properly dismissed.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The Honorable Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3