David NICKOLA and Mary D. Nickola, Plaintiffs,

v.

UNITED STATES GOVERNMENT POST OFFICE DEPARTMENT, Postmaster General Arthur E. Summerfield, Postmaster of Flint Post Office, Osmund W. Kelly, and Superintendent of Mails, Carl R. Cooper, Defendants.

Civ. A. 13656.

United States District Court
E. D. Michigan, S. D.

Jan. 6, 1956.

Andrew J. Transue, Flint, Mich., for plaintiffs.

Fred W. Kaess, U. S. Atty., Rodney C. Kropf, Asst. U. S. Atty., Detroit, Mich., for defendants.

**944**

LEVIN, District Judge.

This action for damages alleges the breach of an express contract by the Government due to the loss of a letter in the mails. The United States has filed a motion to dismiss. The motion is granted for the reasons hereinafter stated.

 In the operation of the Post Office, the Government is engaged in a governmental function and is therefore immune from suit. The Government's liability in postal matters is limited to the extent to which it has consented to suit by statutes and postal regulations. See United States v. Atlantic Coast Line R. Co., 4 Cir., 215 F. 56, L.R.A.1915A, 374; Twentier v. United States, 109 F. Supp. 406, 124 Ct.Cl. 244; 72 C.J.S., Post Office, § 31e. Plaintiffs do not allege that the letter lost in the mail was registered or insured, for which indemnification for loss has been specifically provided by statute. 39 U.S.C.A. § 244; 39 U.S.C.A. § 381.

The specific provisions of the statutes condition and limit the extent to which the Government has consented to suit in regard to postal matters. Also pertinent is the statute, 33 Stat. 1091, 39 U.S.C.A. § 300, which provides for refunding of postage paid on mail matter for which service is not rendered. These express statutory provisions negative any intent of Congress to provide for general consent to suit in regard to postal matters, as urged by the plaintiffs.

The principal case urged by plaintiffs in support of their position is Heil v. United States, D.C., 273 F. 729 which was brought under the Tucker Act for failure to transmit a cable message during the time a cable company was operated by the Government. It is not in point as is clearly indicated by the following excerpt from the opinion:

"* * * Congress meant to assume liability for the acts of such of its agents as had the power in the discharge of their duties to assume or refuse engagements on the faith of which other citizens should rely. It did not mean to assume liability for the proper discharge of duties which it imposed upon those agents by virtue only of positive law." (p. 731).

Therefore, it is ordered that the motion to dismiss be, and the same hereby is granted.