**Jack L. TAYLOR, Plaintiff,**

v.

**UNITED STATES POST OFFICE
DEPARTMENT, Defendant.**

**No. S68 C 2.**

United States District Court
E. D. Missouri,
Southeastern Division.

Oct. 4, 1968.

Joe J. Taylor, Caruthersville, Mo., for plaintiff.

Veryl L. Riddle, U. S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM OPINION

HARPER, Chief Judge.

This matter is pending before this court on plaintiff's motion for summary judgment and defendant's motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

From the pleadings, affidavits, exhibits and briefs it appears that the plaintiff filed suit against the United States alleging in essence a breach of contract of insurance. The plaintiff claims to have deposited on or about April 7, 1965, a carton containing a Metz Light with the United States Post Office at Caruthersville, Missouri, for mailing first-class to Memphis, Tennessee, and he swears that at that time he purchased insurance on the same. The plaintiff swears that he was duly given a receipt.

In May of 1965, plaintiff informed the Caruthersville Post Office that the said light had been damaged in the mails, but he was unable to produce either his receipt or the wrapper from the package which would show that he was the sender. He did not at that time file a claim. In November of 1967, more

than two years later, plaintiff again returned to the Caruthersville Post Office with respect to this matter and produced a wrapper. The wrapper did not disclose that the plaintiff was the mailer or addressee. At this time plaintiff filled out a claim form which was returned "Not Approved" by the Post Office at Memphis, Tennessee, and thereafter the plaintiff filed this lawsuit.

 The United States engages in a governmental function when it acts to deliver and transport the mail. Twentier v. United States, 109 F.Supp. 406, 408, 124 Ct.Cl. 244 (1953), and cases cited therein. In such position it is liable to the owners of damaged mail, only to the extent that it has consented to be liable. See Twentier v. United States, supra; Nickola v. United States Government Post Office Department, 137 F.Supp. 943 (E.D.Mich.1956), aff'd 229 F.2d 737 (6th Cir. 1956); Ridgway Hatcheries, Inc. v. United States, 278 F. Supp. 441 (N.D.Ohio 1968).

In plaintiff's terminology, 39 U.S.C. § 5006 authorizes the Postmaster General to establish a system whereby he may enter into contracts of insurance relative to the mails. However, these contracts, their substance, are controlled by the Postal Regulations contained now in 39 C.F.R. Those regulations constitute the substance and the terms of any such contract. Plaintiff is deemed to have notice of these regulations published pursuant to the Federal Register Act, 44 U.S.C. § 307 (Supp. 1967). 39 C.F.R., Section 164.4(e) 1 requires that when a claim is filed certain evidence of insurance accompany same. Acceptable evidence is the receipt of insurance or the parcel wrapper showing the names and addresses of the sender and addressee and the endorsement that the mail was sent registered, insured, or C.O.D. In contract terminology, these regulations establish certain conditions precedent to the government's performance. Plaintiff has failed to comply therewith and accordingly cannot as a matter of law recover on his claim.

In addition, 39 C.F.R., Section 164.3(2) provides that a claim presented more than one year from the date the article was mailed is a non-payable claim unless the claimant establishes that the delay was not his fault. No such evidence is here presented and the formal claim was presented at a time greater than one year from the mailing date. Therefore, for this additional reason plaintiff is not entitled to recover.

Because of the government's great interest in preventing fraud this court cannot find these regulations unconscionable as urged by plaintiff.

Accordingly, plaintiff's motion for summary judgment is overruled and defendant's motion for summary judgment is sustained, and the clerk will prepare and enter the proper order to that effect.