*861 This case is before the court without oral argument on defendant United States Government’s motion to dismiss. The issue presented is whether the court has jurisdiction of plaintiffs claims arising out of a delay in the United States Postal Service’s (USPS) delivery of a letter. For the reasons discussed herein, we grant defendant’s motion.
Plaintiff Gregory A. Lucas, who brings this case pro se, is an inmate of the United States penitentiary in Terre Haute, Indiana. On or about November 14, 1980, plaintiff says he sent a letter by certified mail to the District Court of the District of Columbia, evidently attempting to secure some type of relief. Plaintiff says this letter was delivered 50 days later, and that the USPS has thus far refused to investigate the matter. Plaintiff presented a claim for monetary damages that the USPS denied on February 24, 1981, as barred by the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680.
Before us, plaintiff argues that the failure of the USPS to deliver the letter on time compounded with its failure to investigate that delay denied him due process and equal protection under the fifth and fourteenth amendments to the United States Constitution. Plaintiff also urges the delay in the mail prejudiced his appeal before the district court and this government treatment has caused him depression and fatigue. Plaintiff requests declaratory and injunctive relief along with approximately $500,000 in monetary damages.
From his papers, it is evident that plaintiff, like many others, does not understand the doctrine of sovereign immunity and does not appreciate its effect upon the jurisdiction of the courts of the United States. As a general rule, the United States Government may not be sued without its consent. E.g., Affiliated Ute Citizens v. United States, 406 U.S. 128 (1972). The Tucker Act, 28 U.S.C. § 1491, our general jurisdictional statute, operates as a general waiver of sovereign immunity only under special circumstances. United States v. Testan, 424 U.S. 392, 401 (1976). To recover here, plaintiff must cite to some statute which, reasonably read, waives sovereign immunity in his case and tells him he can sue in this court. It is quite clear that Congress has not waived sovereign immunity for *862 claims arising from the negligent transmission of mail by the USPS for it has specifically prohibited such suits. 28 U.S.C. § 2680(b). Moreover, those portions of plaintiffs claims based upon the delay in transmitting the letter sound in tort. This court has no original jurisdiction over such tort cases. Thus, those portions of plaintiffs claims arising out of the negligent or tortious handling of the mail by the USPS must be dismissed.
Plaintiff also says he has various non-fifth amendment constitutional claims, such as due process and equal protection violations. "[These] claims * * * are claims under constitutional provisions which do not in themselves grant a right to payment of money and are therefore beyond the limits of this court’s jurisdiction.” Vlahakis v. United States, 215 Ct.Cl. 1018, 1018-1019 (1978), citing United States v. Testan, supra. Therefore, Congress has not waived sovereign immunity and has not authorized monetary suits for misdelivery of mail, even if the mailer feels that his exercise of a constitutional right is impaired.
In his prayer for relief, plaintiff requested declaratory and injunctive relief. However, this court has held that it does not have the authority to issue such relief unless it is incident to a monetary award and is necessary to provide complete relief. Ellis v. United States, 222 Ct.Cl. 65, 610 F.2d 760 (1979). The instant case clearly does not fit within the Ellis criteria.
Therefore, for the reasons discussed above, defendant’s motion to dismiss is granted and plaintiffs petition is dismissed.