**Daniel L. BLAZAVICH, Plaintiff,**

v.

**UNITED STATES, Defendant.**

No. 92–262C.

United States Court of Federal Claims.

Sept. 30, 1993.

Daniel L. Blazavich, pro se plaintiff.

Hal Shapiro, Washington, DC, with whom was Asst. Atty. Gen. Frank W. Hunger, for defendant.

## OPINION

REGINALD W. GIBSON, Judge:

*Introduction*

*Pro Se* plaintiff, a prisoner at the Federal Correctional Institution in McKean, Pennsylvania, brings this action against the United States for the alleged loss of a box of college textbooks that were mailed to him from the Federal Correctional Institution at El Reno, Oklahoma, upon his transfer from the latter to the former. The loss of said books valued at $443.10 was allegedly caused by certain tortious acts of agents of the defendant, the United States Postal Service, and the Federal Bureau of Prisons. Jurisdiction of this claim in this court is bottomed on 28 U.S.C. § 1491.

Upon the filing of Defendant's Motion To Dismiss pursuant to RCFC 12(b)(1) and 12(h)(3), plaintiff filed an amended complaint which, in substance, did not significantly change the allegations in his original complaint. Thus, upon a review of the defendant's dispositive pleading and being fully advised in the premises, we are constrained, as expressed *infra*, to grant defendant's motion to dismiss.

*Facts*

Plaintiff, Daniel Blazavich, is a prisoner presently incarcerated in the Federal Cor-

rectional Institution (FCI) at McKean, Pennsylvania. Prior to his transfer to McKean, plaintiff was incarcerated at the Federal Correctional Institution at El Reno, Oklahoma. At some unspecified date, plaintiff purchased, for a total of $443.10, several college textbooks for courses he had taken. These textbooks were lost, apparently through the mails, when plaintiff was transferred from El Reno to McKean. Said textbooks were in fact mailed as evidenced by Certified Parcel # P562 312 440 from the FCI at El Reno to the FCI at McKean. A claim was filed by plaintiff with the Federal Bureau of Prisons under the Federal Tort Claims Act, 28 U.S.C. § 2672 *et seq.*, demanding compensation for the foregoing loss of personal property. The Federal Bureau of Prisons referred his claim to the United States Postal Service in accordance with 28 C.F.R. 14.2(b)(1). Upon review, the Postal Service rejected plaintiff's claim by letter dated October 25, 1991, finding that—"Congress has provided that no losses are payable under the Federal Tort Claims Act which arise out of the loss, miscarriage or negligent transmission of mail." Defendant cited 28 U.S.C. § 2680(b) to support its holding.[1]

On November 2, 1991, plaintiff contacted Regional Counsel for the Bureau of Prisons—SERO, Dallas, Texas, requesting proof that the box of books was actually mailed. Therein, he complained that neither he nor the United States Postal Service had received requisite verification from the Bureau that the books were in fact mailed.

A response to plaintiff's letter was furnished on November 21, 1991, in which the Regional Counsel for the Bureau of Prisons indicated that the loss of property "was not due to the negligent or wrongful act or omission of any staff at the Federal Correctional Institution (FCI), El Reno, Oklahoma or FCI McKean [Pennsylvania]." Regional counsel further noted that the certified receipt (# P562 312 440) of the

---

1. Plaintiff was advised that he was entitled to file suit against the United States in an appropriate United States District Court, no later than six months from the date of the mailing of the decision, *i.e.,* October 25, 1991. Further, plaintiff was advised of his right to effect a reconsideration of the decision within the six-month period allowed for filing suit.

parcel, evidencing the mailing, had been supplied to him in the letter dated September 30, 1991.

Because of his failure to receive relief from either the Bureau of Prisons or the Postal Service, plaintiff requests this court to award "a disbursement of no less than $443.10 ... be ordered ... after a finding [that] the defendant, and agents or an agent thereof, is responsible for the loss of the subject property."

### Plaintiff's Contentions

While not well pled, it is patently clear that *pro se* plaintiff avers that his loss stems from a tort. This is clearly reflected, and admitted, within the four corners of plaintiff's complaint, including attachments, and we so find. Alternatively, it appears that plaintiff's second contention is that the Postal Service breached an implied contract of bailment with either plaintiff or the FCI, El Reno, Oklahoma, when it failed to properly transmit the parcel to FCI, McKean, Pennsylvania. Finally, it arguably appears that the third alternative contention is that the government, through the Postal Service, effected a "taking" against plaintiff of the box of books.

### Defendant's Contentions

Conversely, defendant contends that plaintiff's complaint admittedly is grounded in tort, and this court simply does not have jurisdiction to hear plaintiff's claim, given the explicit language in 28 U.S.C. § 1491 excluding such from its jurisdiction. In addition, defendant contends that the predecessor Court of Claims has specifically rejected claims of lost property through the mail based on theories of implied contract of bailment and takings in violation of the Constitution.

### Issues

There are two main issues involved in this decision. The first is whether this court has jurisdiction to entertain plaintiff's claim for $443.10 against the Postal Service due to the loss of his books in the mail, and, alternatively, whether plaintiff has actually stated a cause of action upon which relief may be granted. The second issue is whether plaintiff has a valid claim

in this court against the Bureau of Prisons for the value of the books if it is found that the Postal Service has no liability to plaintiff.

### Discussion

#### Motion to Dismiss

When reviewing the defendant's motion to dismiss, pursuant to RCFC 12(b) and (h), we normally consider the facts alleged in plaintiff's complaint to be true and correct for purposes of the motion. *Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed.Cir.1988), *citing Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), and *Air Prod. and Chems., Inc. v. Reichhold Chems., Inc.*, 755 F.2d 1559, 1562 n. 4, 225 USPQ 121, 123 n. 4 (Fed.Cir.), *cert. dismissed*, 473 U.S. 929, 106 S.Ct. 22, 87 L.Ed.2d 700 (1985). Factual allegations of non-movants, therefore, must be taken as true, and all reasonable inferences drawn in favor of the party whose suit would be dismissed. *Id.* If the motion to dismiss is for lack of jurisdiction, however, and it "challenges the truth of the jurisdictional facts alleged in the complaint, the ... court may consider relevant evidence in order to resolve the factual dispute." *Reynolds*, 846 F.2d at 747. It must also be noted that if the motion to dismiss can be viewed as one for failure to state a claim, such motion must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

#### 1. Jurisdiction

With respect to ruling on subject motion, it is also a well-grounded proposition that the Court of Federal Claims is a court of special and, therefore, limited jurisdiction. *American Maritime Trans., Inc. v. United States*, 870 F.2d 1559, 1563 (Fed.Cir.1989); *Dynalectron Corp. v. United States*, 4 Cl.Ct. 424, 428, *aff'd*, 758 F.2d 665 (Fed.Cir.1984). Unless there has been a waiver of sovereign immunity, this court has no jurisdiction to entertain a claim

against the United States for money damages. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). Accordingly, congressional consent to suit in this court, "thereby waiving the Government's traditional immunity, must be explicit and strictly construed." *Puget Sound Power & Light Co. v. United States*, 23 Cl.Ct. 46, 56 (1991), *citing Library of Congress v. Shaw*, 478 U.S. 310, 318–19, 106 S.Ct. 2957, 2963–64, 92 L.Ed.2d 250 (1986). Therefore, any waiver of jurisdiction cannot be implied, but must be unequivocally expressed by Congress. *United States v. Testan*, 424 U.S. at 399, 96 S.Ct. at 953; *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969).

The provision granting consent to suit in this court is, of course, the Tucker Act, 28 U.S.C. § 1491 (1992). Specifically, the statute provides that an action may be maintained in the Court of Federal Claims only if it is:

> ... founded either *upon the Constitution*, or any Act of Congress or any regulation of an executive department, or *upon any express or implied contract with the United States*, or for liquidated or unliquidated damages in *cases not sounding in tort....*

28 U.S.C. § 1491(a)(1) (1992) (emphasis added). It is undeniably clear that the party who files a complaint in this court must succinctly and unambiguously satisfy the fundamental and basic jurisdictional requisites of the Tucker Act.

Plaintiff has expressly and unequivocally characterized his claim as one sounding in tort through his pleadings. Such pleadings, including the incorporated attachments, clearly expressed plaintiff's intent that his case be considered under the Federal Tort Claims Act, notwithstanding a reference to § 1491. To the extent that plaintiff's complaint does indeed sound in tort, this court is without jurisdiction according to the Tucker Act. 28 U.S.C. § 1491(a)(1). The Court of Federal Claims is simply an improper forum for Federal Tort Claims Act claims. Plaintiff's case appears to "arise out of the *negligent or tortious handling* of the mail by the USPS," and we so find, and, *as such,* should be dismissed. *Lucas v. United States*, 228 Ct.Cl. 860, 862, 1981 WL 21509 (1981) (emphasis added).

### 2. *Plaintiff Has Failed To State a Claim*

Without jurisdiction to hear plaintiff's tort claim, to survive defendant's motion, plaintiff must have established an alternative claim for which relief may be granted. Because plaintiff is *pro se*, the court is willing to interpret his complaint in any manner, if reasonably possible, so as to find a justiciable claim which we are empowered to hear. In this connection, the predecessor Court of Claims dealt with precisely this issue in *Marine Insurance Co., Ltd. v. United States*, 187 Ct.Cl. 621, 410 F.2d 764 (1969). That case involved a fact pattern where a package became lost in the mail, and the owner's insurance company, as subrogee, sued the Postal Service for the value of the package. In that circumstance, the plaintiff attempted to recover under multiple theories of breach of implied contract and the taking of property that was lost due to improper carriage or handling by the Postal Service. Similarly, as at bar, Marine Insurance came to the Court of Claims, but only after an abortive attempt to recover the value of the package by a claim sounding in tort filed in the District Court for the Southern District of New York. *Id.* There, the plaintiff brought the action under 28 U.S.C. § 1491 (1964) alleging in its first cause of action that defendant " 'breached its promise to deliver said package and its contents upon demand therefor,' and, for its second claim, a taking for public use without just compensation." *Id.* at 623, 410 F.2d 764. In that case, the government singled out plaintiff's package for use as "bait" so as to infiltrate its Customs Bureau in order to apprehend certain customs inspection employees who were suspected of stealing such packages. The heart of the holding was that the package did not cease to be

"postal matter" merely because it was transferred to the Customs Bureau because it was "postal matter" when it entered from abroad. That decision is relevant and on all-fours here because the court there specifically addressed the efficacy of the merits of a claim for breach of an implied contract stemming from the loss of "postal matter" by the Postal Service. The court held that, assuming that an implied contract of bailment exists between the government and the sender by virtue of a mailing, the government is not liable for loss or damage to mail, except as may be provided in the postal laws and regulations, and none exist here.[2] *Marine Ins.*, 187 Ct.Cl. at 624, 410 F.2d 764, *citing Twentier v. United States*, 124 Ct.Cl. 244, 109 F.Supp. 406 (1953). Further the court cited:

> The United States is liable to the owners of lost or damaged mail only to the extent to which it has consented to be liable, and the extent of its liability is defined by the Postal Laws and Regulations. Public policy requires that the mails shall be carried subject to these regulations, [citation], and the liability of the Government in case of loss or damage is fixed by these regulations.

*Twentier*, 124 Ct.Cl. at 249, 109 F.Supp. at 408–09. *See also, Maritime Insurance Co. United States*, 378 F.2d 812, 814 (2nd Cir.1967), *cert. denied*, 389 U.S. 953, 88 S.Ct. 335, 19 L.Ed.2d 361 (1967); *Nickola v. United States Gov't Post Office Dept.*, 137 F.Supp. 943 (E.D.Mich.1956), *aff'd on opinion below*, 229 F.2d 737 (6th Cir.1955), *cert. denied*, 351 U.S. 908, 76 S.Ct. 698, 100 L.Ed. 1443 (1956). Clearly then, plaintiff has failed to establish a claim upon which relief can be granted through any possible argument that the government has breached an implied contract of bailment with the plaintiff. The United States (Postal Service) has not consented to be liable generally under these circumstances, and plaintiff has demonstrated no regulation or law that it has violated,[3] nor can we find any.

The court in *Marine Insurance* also rejected the plaintiff's claim of a "taking" for public use without just compensation. In short, the court held that plaintiff could not reformulate its unsuccessful argument of breach of implied contract of bailment into an unconstitutional taking argument merely to enable it to find the government liable for that which it has not consented to be liable. *Marine Ins.*, 187 Ct.Cl. at 625, 410 F.2d 764. "To allow a suit for a taking 'would be to circumvent the entire statutory scheme, as provided by Congress, and to make possible a recovery where none was ever contemplated.' " *Id.*, *citing Twentier v. United States*, 124 Ct.Cl. at 250, 109 F.Supp. at 409. We need not delve into the intricacies of the court's reasoning because plaintiff has not even established here that there was a public use for his property as there was in *Marine*. In that case the government singled out the plaintiff's package to use as a decoy to catch thieves. No facts in this case have been proffered which establish that the government has in any way made use of plaintiff's property. Whereas on the circumstances in *Marine* the court found insufficient facts for petitioner to state a claim of taking, *a fortiori*, none exists at bar, and we so find.

*Conclusion*

For all of the foregoing reasons, we find that this court is without jurisdiction to entertain a clam in tort, and plaintiff alternatively has failed to state a justiciable claim upon which relief can be granted. Therefore, defendant's motion is hereby GRANTED, and plaintiff's complaint is hereby DISMISSED. The Clerk shall enter judgment accordingly. No costs.

IT IS SO ORDERED.

---

2. Plaintiff points to no postal laws or regulations which would fix liability on the Postal Service or the government for lost or damaged mail and, therefore, has failed to meet his burden of proof in stating his claim.

3. *See Allied Coin Investment, Inc. v. United States Postal Service*, 673 F.Supp. 982, 985 (D.Minn.1987) (court rejected the argument that postal laws now allow suit against Postal Service, FTCA notwithstanding).