NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DERRICK MICHAEL ALLEN, SR.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2021-1631

---

Appeal from the United States Court of Federal Claims in No. 1:20-cv-00793-MBH, Senior Judge Marian Blank Horn.

---

Decided:  January 20, 2022

---

DERRICK MICHAEL ALLEN, SR., Raleigh, NC, pro se.

JOSHUA E. KURLAND, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR.

---

Before LOURIE, HUGHES, and STOLL, *Circuit Judges.*

PER CURIAM.

Derrick Michael Allen, Sr. appeals a decision of the United States Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction. Because Mr. Allen's claims are outside the scope of the Court of Federal Claims' jurisdiction, we affirm.

I

Mr. Allen filed this suit in the Court of Federal Claims seeking compensation for alleged wrongdoing by the United States Postal Service. His complaint details several customer-service type claims against the USPS. In particular, he alleges that he was improperly denied a refund for a post office box he had closed, did not receive stamps he had ordered, was not permitted to link an online account to a P.O. box without a signature on file—which he refused to provide—and had his mail mishandled or withheld. Mr. Allen argued that he was owed compensation for these wrongs under 39 U.S.C. § 409(h).

The Court of Federal Claims dismissed Mr. Allen's complaint, holding that none of his claims were within its jurisdiction. *Allen v. United States*, No. 20-793C, slip op. at 9 (Fed. Cl. Jan. 6, 2021) (*Decision*); *see also* SAppx12.[1] The court concluded that Mr. Allen's complaint failed to identify any money-mandating source of substantive law that would bring his claims within its jurisdiction. It further found that his allegations of mishandling and withholding of mail sounded in tort and therefore fell outside the scope of the court's jurisdiction.

Mr. Allen appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

---

[1]    SAppx refers to the supplemental appendix attached to the Appellee's brief.

## II

We review the Court of Federal Claims' dismissal for lack of subject matter jurisdiction de novo. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). As the plaintiff, Mr. Allen bears the burden of establishing jurisdiction by a preponderance of the evidence. *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013). Although we give pro se plaintiffs more latitude in their pleadings than parties represented by counsel, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), such leniency does not relieve them of jurisdictional requirements, *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The Tucker Act, the source of the Court of Federal Claims' jurisdiction, limits jurisdiction to "claims for money damages against the United States." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (citing 28 U.S.C. § 1491). The Tucker Act alone does not supply an independent source of action; a plaintiff "must identify a separate source of substantive law that creates the right to money damages." *Id.* "[T]he absence of a money-mandating source [is] fatal to the court's jurisdiction under the Tucker Act." *Id.* at 1173. Furthermore, the Act expressly precludes the Court of Federal Claims from hearing claims that sound in tort. *See* 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . for liquidated or unliquidated damages in cases *not sounding in tort*." (emphasis added)).

The Court of Federal Claims correctly concluded that it lacked jurisdiction over Mr. Allen's claims. As a basis for relief, Mr. Allen cited 39 U.S.C. § 409(h), a statute that governs how the Postal Service will pay a judgment against the United States that arises out of the Postal Service's activities. But that statute assumes that a judgment has been entered in the first place. And as the trial court correctly

noted, Mr. Allen "has not alleged nor demonstrated that a judgment against the Postal Service has been entered or that [the Court of Federal Claims] has jurisdiction to adjudicate [his] claims." *Decision* at 8. Nothing in § 409(h) establishes a money-mandating source that meets the jurisdictional requirements of the Tucker Act. Mr. Allen's allegations about the mishandling and withholding of his mail also do not fall within the court's jurisdiction, as those claims sound in tort. *See Blazavich v. United States*, 29 Fed. Cl. 371, 374 (1993) (dismissing case arising out of negligent or tortious handling of the mail by the USPS for lack of jurisdiction).

On appeal, Mr. Allen asserts that he entered into a contract with the USPS by ordering stamps online and purchasing a post office box, and that the USPS subsequently breached this contract by failing to deliver the stamps and providing poor customer service. Appellant's Br., Item 4. To establish a valid contract with the United States, three criteria must be met: "(1) an explicit agreement with the United States exists; (2) the agreement was executed by someone who possessed actual authority to bind the government in contract; and (3) the agreement entitles the [plaintiff] to monetary relief." *Terry v. United States*, 99 Fed. Cl. 384, 391 (2011) (alteration in original) (quoting *Cottrell v. United States*, 42 Fed. Cl. 144, 150 (1998)). Mr. Allen does not allege facts supporting a valid contract under these factors; rather, his claims are akin to the type of custom service allegations that have previously failed to meet the elements of a valid contract for Tucker Act purposes. *See id.* at 391–92 (holding that an agreement to use a P.O. box did not constitute a contract between the plaintiff and the United States).

Finally, Mr. Allen alleges an infringement of his Seventh Amendment right to a jury trial. Appellant Br., Item 5. But the Seventh Amendment does not provide a money-mandating source of substantive law supporting the Court of Federal Claims' jurisdiction. *Jaffer v. United*

*States*, No. 95–5127, 1995 WL 592017, at \*2 (Fed. Cir. Oct. 6, 1995) (holding that a violation of the Seventh Amendment does not "explicitly or implicitly obligate[] the federal government to pay damages" and therefore cannot support a claim for relief in the Court of Federal Claims). To the extent Mr. Allen challenges the trial court's dismissal of his complaint through non-jury adjudication, subject matter jurisdiction is a question of law to be resolved by a judge, not a jury, and which "the court must address . . . even *sua sponte*, whenever [it] come[s] to the court's attention." *St. Bernard Par. Gov't v. United States*, 916 F.3d 987, 992 (Fed. Cir. 2019). Under Rule 12(h)(3) of the Rules of the Court of Federal Claims, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." The Court of Federal Claims correctly determined that it lacked jurisdiction and dismissed accordingly.

### III

Because Mr. Allen's claims are outside the jurisdiction of the Court of Federal Claims, we affirm.

**AFFIRMED**

Costs

No costs.