81 F.3d 161
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thedford A. ROWSER, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, Defendant-Appellee.
 No. 95-1699.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1996.
 
 1
 Before: NORRIS and COLE, Circuit Judges, and HULL, District Judge.*
 
 ORDER
 
 2
 Thedford A. Rowser appeals a district court judgment dismissing her complaint filed under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-80 for lack of subject matter jurisdiction. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Rowser filed her complaint in the district court alleging that: (1) her mail was misdelivered during a period of approximately two years; (2) her mail continues to be misdelivered; (3) a fraudulent change of address form was executed in her name; and (4) some of her personal property was damaged after she reported the problems to postal authorities. The government moved to dismiss the complaint, and plaintiff responded in opposition. Following a hearing, the district court granted the government's motion and dismissed the complaint.
 
 
 4
 Plaintiff filed a timely notice of appeal, and this court granted plaintiff's motion for leave to proceed in forma pauperis. On appeal, plaintiff contends that the district court misread her complaint and improperly dismissed her claims. The government responds that the postal service is not a proper party to this action and contends that plaintiff's claims are barred by sovereign immunity.
 
 
 5
 Generally, a district court judgment dismissing a complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) will be reviewed by this court de novo. Duncan v. Rolm Mil-Spec Computers, 917 F.2d 261, 263 (6th Cir.1990); Moir v. Greater Cleveland Regional Transit Auth., 895 F.2d 266, 269 (6th Cir.1990). Plaintiff has the burden of establishing the existence of subject matter jurisdiction after defendant challenges jurisdiction by filing a motion to dismiss. See Moir, 895 F.2d at 269; Rogers v. Stratton Indus., 798 F.2d 913, 915 (6th Cir.1986) (per curiam). The district court is free to consider matters of fact which may be in dispute without invoking the summary judgment provisions of Fed.R.Civ.P. 56. See Rogers, 798 F.2d at 915-16. Here, the district court correctly concluded that it lacked subject matter jurisdiction over plaintiff's complaint under the FTCA.
 
 
 6
 While the FTCA grants a waiver of sovereign immunity in some cases, see Insurance Co. of N. Am. v. United States Postal Serv., 675 F.2d 756, 757-58 (5th Cir.1982) (per curiam), the waiver is not applicable to "(a)ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter" pursuant to the postal exception, 28 U.S.C. § 2680(b). Id. at 758. In addition, the waiver of immunity under the FTCA is limited to causes of action predicated on state law tort liability. Contemporary Mission, Inc. v. United States Postal Serv., 648 F.2d 97, 104 n. 9 (2d Cir.1981); Birnbaum v. United States, 588 F.2d 319, 322 (2d Cir.1978). In Birnbaum, the court concluded that the postal exception did not apply to an invasion of privacy claim in which it was alleged that the FBI and CIA opened and photocopied mail addressed to or arriving from the Soviet Union. In that case, the court held that the postal exception did not encompass the intentional disturbance of the integrity of a letter. Birnbaum, 588 F.2d at 328. In the present case, plaintiff's claims fall within the postal exception and are therefore barred by sovereign immunity.
 
 
 7
 First, the district court correctly concluded that plaintiff did not assert state tort claims in her complaint. Although plaintiff asserted claims of invasion of privacy and intentional infliction of emotional distress in response to defendant's motion to dismiss her complaint, these belated assertions are insufficient to carry plaintiff's burden of establishing subject matter jurisdiction. See Moir, 895 F.2d at 269; Rogers, 798 F.2d at 915. Plaintiff stopped short of alleging in the district court that her mail carrier was in fact responsible for the destruction of her flowers and flower pots. Moreover, plaintiff did not assert a state tort claim based upon the alleged destruction of her property. Otherwise, plaintiff's claims arise "out of the loss, miscarriage, or negligent transmission of letters or postal matter," and therefore are not cognizable under the FTCA. Under these circumstances, the district court correctly concluded that it lacked subject matter jurisdiction under the FTCA.
 
 
 8
 Finally, it is noted that the government's assertion that the United States Postal Service is not a proper party to this action lacks merit. First, an FTCA claim brought against the United States Postal Service is properly treated as brought against the United States. Anderson v. United States Postal Serv., 761 F.2d 527, 528 (9th Cir.1985) (per curiam). Further, plaintiff named the United States as a defendant in her complaint. Thus, plaintiff named the appropriate defendant to her FTCA action in any event. Accordingly, the government's claim lacks merit.
 
 
 9
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation